UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE M. OSLAVIC, | ) | CASE NO.  4:25-cv-00039 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION** |
| SECURITY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Magistrate Judge Darrell A. Clay's Report and Recommendation

("R&R") recommending the Commissioner of Social Security's decision be affirmed.  (Doc. 13.)

Plaintiff Nicole M. Oslavic ("Oslavic") timely filed an objection (Doc. 14), and Defendant

Commissioner of Social Security ("Commissioner") responded.  (Doc. 15.)

For the reasons stated herein, Oslavic's objection is OVERRULED, the R&R is

ACCEPTED and ADOPTED, and the Commissioner's final decision is AFFIRMED.

I.      BACKGROUND

        A.      Oslavic's Medical History

Oslavic does not object to the factual record and procedural history in the R&R.  (*See*

Doc. 14.)[1]  Notwithstanding, the Court summarizes the facts pertinent to her objection.

On September 14, 2018, Oslavic underwent an exam prior to a medical appointment.

(Doc. 7 at 404.)  She claimed her back pain began 15 years ago, starting as "bulging discs and

has progressed to . . . 3 known herniations."  (*Id.*)  She also stated visits to a chiropractor would

---

[1] For ease and consistency, briefing citations reflect the electronically stamped CM/ECF
document and PageID# rather than any internal pagination.

alleviate the pain, and the exam noted a normal posture, gait, no musculoskeletal tenderness, and full motion in the cervical spine.  (*Id.* at 404, 407.)

On February 7, 2020, Oslavic visited Community Medical Associates complaining of knee pain.  (*Id.* at 394.)  No swelling or instability was noted, and an x-ray noted no fractures, dislocations, or joint effusions.  (*Id.* at 396, 428.)  The soft tissue of her knee was noted as unremarkable.  (*Id.*)

On February 24, 2022, Oslavic visited her primary care physician to address sinus pain.  (*Id.* at 385.)  She denied any back pain, tingling, or numbness.  (*Id.* at 387.)  On May 10, 2022, she again complained of back pain.  (*Id.* at 366.)  She also complained of left ankle pain and a popping sensation in both her left ankle and wrists.  (*Id.*)  At a follow up on June 16, 2022, Oslavic stated she continued to have back pain and pain in her hips, knees, and legs.  (*Id.* at 362.)  The exam noted her spine was normal to inspection and she experienced some paraspinal muscle tenderness, tenderness of the bilateral greater trochanteric bursa, and bilateral knee crepitus.  (*Id.* at 364.)

On June 23, 2022, Oslavic began physical therapy.  (*Id.* at 472.)  At her intake, she complained of worsening back pain and pain at her tailbone if she sat for long periods of time.  (*Id.*)  This pain prevented her from sitting for more than one hour, standing more than 10 minutes, and was manageable without pain medication.  (*Id.* at 475.)  Oslavic also received physical therapy for hip and knee pain.  (*Id.* at 456.)  On September 7, 2022, Oslavic had attended 17 physical therapy sessions and reported that she could "walk comfortably for about 20-30 min[utes] but is unable to walk for more than 1 hour."  (*Id.* at 531.)  She could also lift up to 15 pounds comfortably.  (*Id.*)  Additional physical therapy sessions were scheduled.  (*Id.*)

On November 8, 2022, Oslavic noted limited mobility and pain in her back, legs, hips, and knees.  (*Id.* at 551.)  While an exam showed limited spinal motion, she also had a normal gait and range of motion.  (*Id.*)

On December 14, 2022, Oslavic underwent a consultative examination which revealed no tenderness of the cervical spine and tenderness in the dorsolumbar spine.  (*Id.* at 541.)  An x-ray revealed no fracture or dislocation of the left hip and no "fracture or destructive process" in the lumbar spine.  (*Id.* at 548.)  The x-ray did reveal some narrowing of the L5-S1 intervertebral discs.  (*Id.*)  The exam noted her "ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, stairs, grasping, squatting, carrying, and traveling is at least moderately impaired based on the above diagnoses."  (*Id.* at 542.)

On April 26, 2023, Oslavic had pain in her right leg and lower abdomen.  (*Id.* at 556.)  She denied any joint swelling or limited range of motion and the exam noted limited spinal motion with a normal gait. (*Id.* at 558, 560.)

On July 19, 2023, Oslavic complained of pain in her right knee, right ankle, right elbow, and back.  (*Id.* at 563.)  An MRI showed her meniscus was "within normal limits without evidence of meniscal tear" and there was trace joint fluid and a small Baker's cyst.  (*Id.* at 571.)

On September 7, 2023, Oslavic was examined for foot pain.  (*Id.* at 573.)  The exam noted right knee tenderness and limited spinal motion.  (*Id.* at 577.)  On October 12, 2023, Oslavic was examined for back pain.  (*Id.* at 581.)  The exam noted she had pain when doing straight leg raises on her right side.  (*Id.*)  "She has pain with both flexion and extension."  (*Id.*)  An x-ray revealed no fractures or dislocations, degenerative changes at L5-S1, and "[n]o malignment or abnormal change positioning on various projections."  (*Id.* at 585.)  A lumbar

spine MRI showed "[m]ild lower lumbar spondylosis with a disc bulge and left facet hypertrophy L5-S1 resulting in mild left foraminal narrowing."  (*Id.* at 586.)

### B.       State Agency Review

On February 2, 2023, a state agency medical consultant found Oslavic's "[a]llegations of [a] limitation to only stand or walk for 20 min at a time exceeds objective findings on imaging and at physical exams and is not consistent with [the] level of treatment claimant is receiving." (*Id.* at 94-95.)  In addition, the report found Oslavic could frequently climb ramps and stairs, and occasionally stoop, kneel, crouch, and crawl.  (*Id.* at 96.)

On April 12, 2023, a separate state agency medical consultant determined Oslavic's allegations of limitations for standing and walking exceeded objective findings from her imaging and physical exams.  (*Id.* at 123.)  Their report also found she could frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, and occasionally stoop, kneel, crouch, and crawl.  (*Id.* at 123-24.)

### C.       Applications for Disability Insurance Benefits and Supplemental Security Income

On July 7, 2022, Oslavic applied for disability insurance benefits ("DIB") and supplemental security income ("SSI").  (*Id.* at 42.)  For both her DIB and SSI applications, Oslavic alleged a disability onset date of September 30, 2018.  (*Id.*)  She alleged disability based on a herniated disc, bone spurs, and degenerative disc disease.  (*Id.* at 91.)  On February 2, 2023, both claims were denied.  (*Id.* at 42.)  Reconsideration was denied on April 12, 2023.  (*Id.*)  On May 12, 2023, Oslavic submitted a written request for a hearing.  (*Id.*)

On November 28, 2023, a telephonic hearing before an Administrative Law Judge ("ALJ") took place.  (*Id.*)  Oslavic was represented by counsel and Thomas Nimberger, a Vocational Expert, was also present.  (*Id.*)

Oslavic testified her knees prevent her from using the stairs, that driving for a period greater than 20 minutes became painful, and she was able to shop for groceries, cook, shower, and dress herself.  (*Id.* at 64-65.)  She also testified she took ibuprofen to relieve her pain, physical therapy provided her minimal relief, and she used a therapeutic electrical stimulator to relieve her back pain.  (*Id.* at 72-73.)

On December 15, 2023, the ALJ issued a written decision finding Oslavic was not entitled to DIB or SSI.  (*Id.* at 42-50.)  The ALJ made the following findings of fact:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since September 30, 2018, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: Lumbar degenerative disc disease/spondylosis/disc bulge/left facet hypertrophy with radiculopathy; Sacroiliitis; Greater trochanteric bursitis of both hips; Right knee meniscus tear and prepatellar bursitis of both knees; Osteoarthritis of multiple joints including bilateral hands; and Obesity. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant can frequently handle and finger with the bilateral upper extremities. She can have occasional exposure to vibrations and extreme cold. The claimant must avoid all exposure to hazards, such as unprotected heights, dangerous moving mechanical parts, and commercial driving.

6. The claimant is capable of performing past relevant work as a retail cashier/stocker/ storekeeper (DOT 290.477-014). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2018, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(*Id.* at 44-50.) On November 26, 2024, the Appeals Council denied review. (*Id.* at 28-30.)

### D.  Procedural History

On January 10, 2025, Oslavic filed the instant case. (Doc. 1.) She raised one assignment of error. (Doc. 9.) On September 26, 2025, the R&R recommended affirming the Commissioner's final decision. (Doc. 13.) Oslavic timely submitted one specific objection. (Doc. 14.) The Commissioner responded. (Doc. 15.)

## II.  LAW AND ANALYSIS

### A.  Standard of Review

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 U.S. App. LEXIS 35044, 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (flush language).

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is 'more than a scintilla of evidence but less than

a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).  "The standard 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.'"  *Edwards v. Comm'r of Soc. Sec.*, No. 23-5490, 2024 U.S. App. LEXIS 3315, 2024 WL 2705000, at *2 (6th Cir. Feb. 12, 2024) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (citation omitted)).  If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently.  *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility.  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted).  The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence.  *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (Table), 2000 U.S. App. LEXIS 24244, 2000 WL 799749, at *1 (6th Cir. 2000) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).  "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007)).

### B.  Objection: The R&R Properly Evaluated the ALJ's Assessment of Record Evidence Particular to Oslavic's Subjective Complaints

Evaluation of a claimant's subjective complaints rests with the ALJ.  *See Siterlet v. Sec'y of HHS*, 823 F.2d 918, 920 (6th Cir. 1987); *Rogers*, 486 F.3d at 248.  "There is no question that

subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003); *see also* SSR 16-3p, 2017 WL 5180304, at *4 (explaining that "[w]e will not find an individual disabled on alleged symptoms alone"). "Nevertheless, an ALJ is not required to accept a claimant's subjective complaints." *Jones*, 336 F.3d at 476. Rather, an ALJ must evaluate a claimant's symptoms and provide an explanation that is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. This analysis cannot be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

ALJ's undertake a two-step process to assess the limiting effects of a claimant's symptoms. *See* SSR 16-3p, 2017 WL 5180304. At step one, "the ALJ will ask whether [] there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms." *Rogers*, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a)); SSR 16-3p, 2017 WL 5180304, at *3. At step two, if such an impairment exists, the ALJ "must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Rogers*, 486 F.3d at 247; SSR 16-3p, 2017 WL 5180304, at *4.

At the second step, the ALJ "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Rather, "[b]ecause symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical

evidence alone, [the ALJ] will carefully consider any other information you may submit about your symptoms." *Id.* at §§ 404.1529(c)(3), 416.929(c)(3).  In addition, SSR 16-3p states:

> [I]f an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, we will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities or abilities to function independently, appropriately, and effectively in an age-appropriate manner.

2017 WL 5180304, at *8.  Consistent with these regulations, the ALJ "will consider various factors in assessing a claimant's pain to determine her residual functional capacity." *Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 502 (6th Cir. 2019).  These factors include:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2017 WL 5180304, at *7-8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  "The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant evidence." *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).  This analysis "should be specific enough to permit the court to trace the path of the ALJ's reasoning." *Id.*

"Courts are not at liberty to speculate on the basis of an administrative agency's order." *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991).  "When an ALJ fails to make a determinative and necessary finding of fact in a sequential step, a reviewing court should not 'fill that gap.'"  *Harvey v. Comm'r of Soc. Sec.*, No. 16-2366, 2017 U.S. App. LEXIS 19788, 2017 WL 4216585, at *7 (6th Cir. Mar. 6, 2017) (citation omitted).  As such, courts "shall not 'accept *post hoc* rationalizations for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'"  *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) (quoting *Hyatt Corp.*, 939 F.2d at 367).  Post-hoc rationalization occurs when a court provides a "revised rationale" for the ALJ's decision.  *Moore v. Comm'r of Soc. Sec.*, No. 3:23 CV 979, 2024 U.S. Dist. LEXIS 113105, 2024 WL 3197570, at *3 (N.D. Ohio June 27, 2024); *Cashin v. Colvin*, No. 1:12 CV 909, 2013 U.S. Dist. LEXIS 101307, 2013 WL 3791439, at *6 (N.D. Ohio July 18, 2013) ("the ALJ did not include these assertions in his decision and the Court cannot engage in post hoc rationalizations.").

The R&R recommended affirmance on the grounds the ALJ made sufficient findings as to Oslavic's subjective statements about the severity of her pain.  (Doc. 13 at 636-39.)  Her sole objection is to the R&R's alleged post-hoc rationalizations.  (Doc. 14 at 641-42.)  To Oslavic, these rationalizations cannot correct the underlying record, namely that the ALJ failed to explain his conclusion as required by SSR 16-3p.  (*Id.*)  In response, the Commissioner argued the ALJ's decision was supported by substantial evidence, negating any post-hoc rationalization objection.  (Doc. 15 at 644.)

Here, the ALJ found "the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ."  (Doc. 7 at 46.)  Over the next several paragraphs, the ALJ

discussed findings from Oslavic's physical examinations and treatment from 2018 to 2023 and the opinion evidence.  (*Id.* at 46-48.)  After laying out the relevant evidence, the ALJ concluded her alleged symptoms and limitations were "only partially consistent with the evidence."  (*Id.* at 48.)  While noting Oslavic complained of back, hand, knee, and foot pain, had degeneration of her knees and back, and was obese during the relevant period, the ALJ reasoned "she had relatively conservative treatment with medication and physical therapy."  (*Id.*)  The ALJ further observed "the treatment notes documented generally intact sensation and reflexes with a normal gait."  (*Id.*)  For those reasons, the ALJ found Oslavic could perform the reduced range of work described in the RFC.  (*Id.*)

The ALJ credited some of Oslavic's subjective symptoms to a degree, but did not accept them to the extent alleged by Oslavic because of factors to be considered under the applicable regulations and findings on examinations.  Specifically, two of the applicable regulatory factors under SSR 16-3p include the type, effectiveness, and side effects of the claimant's medication, and the claimant's non-medication treatments.  *See* SSR 16-3p, 2017 WL 5180304, at *8; 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v).  The ALJ noted Oslavic attended physical therapy for back, hip, and knee pain, which helped manage her pain.  (Doc. 7 at 47.)  The ALJ further noted Oslavic took Ibuprofen for her joint and back pain.  (*Id.*)  Thus, the ALJ considered the applicable regulatory factors by highlighting Oslavic's "relatively conservative treatment with medication and physical therapy."  (*Id.* at 48.)  Additionally, the ALJ discussed how the treatment notes from 2018-2023 demonstrated "generally intact sensation and reflexes with a normal gait."  (*Id.* at 46-48.)  Such findings on examinations were inconsistent with Oslavic's subjective complaints.  Under SSR 16-3p, the ALJ must consider whether a claimant's

"statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence."  2017 WL 5180304, at *8.

Oslavic relies on *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 260 (6th Cir. 2015), to assert that boilerplate statements concerning application of the regulations are insufficient.  (*See* Doc. 14 at 642.)  But this reliance is overstated.  As discussed above, the ALJ's decision highlighted physical examination findings from 2018 to 2023 and conservative treatment that was inconsistent with Oslavic's alleged symptoms and limitations.  (*See* Doc. 7 at 46-48.)  This evidence led to the ALJ's conclusion that Oslavic's assertions were "only partially consistent with the evidence."  (*Id.* at 48.)

The R&R did not provide a revised rationale for the ALJ's decision.  The R&R outlined the regulatory framework the ALJ used in making sufficient findings regarding Oslavic's statements about her limitations.  (*See* Doc. 13 at 639.)  It pointed out how the ALJ was required, pursuant to SSR 16-3p and 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2), to evaluate her statements alongside her medical history.  (*Id.*)  The R&R noted the ALJ's consideration of Oslavic's "relatively conservative treatment with medication and physical therapy" was consistent with two of the applicable regulatory factors.  (*Id.* at 635-39 (citing SSR 16-3p, 2017 WL 5180304, at *8; 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v)).)  Additionally, the R&R pointed out how the ALJ met his requirement under SSR 16-3p to evaluate Oslavic's statements alongside her medical history.  (*Id.*)  The R&R reasoned the ALJ accomplished this by discussing her "generally intact sensation and reflexes with a normal gait" during examinations from 2018-2023, which contradicted her testimony regarding pain and mobility.  (*Id.*)

While the R&R noted the ALJ did not explain all of the cited evidence, the ALJ was not required to analyze all seven factors identified in SSR 16-3p. *Cross*, 373 F. Supp. 2d at 733. Instead, the ALJ must provide enough of an assessment to show they considered all relevant evidence. *Id.* Here, the R&R correctly laid out the paragraphs of the ALJ's decision that allow the Court to trace the path of the ALJ's reasoning. The R&R "highlighted parts of the record as a whole that supported the ALJ's conclusion discounting [Oslavic's] subjective symptom statements." *Moore*, 2024 WL 3197570, at *3. This is not post-hoc rationalization. The R&R reviewed the record as a whole, and this Court has as well.

"[I]f a district court finds the ALJ's decision is supported by substantial evidence, it need not consider a *post-hoc* rationalization objection." *Id.* at *3 (citing *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 847 (6th Cir. 2005)). Substantial evidence exists when the "existing administrative record . . . contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (citations omitted).

The ALJ's finding that Oslavic's statements were inconsistent with the medical record is supported by substantial evidence. As discussed herein, the ALJ's decision highlighted inconsistencies regarding Oslavic's reflexes, pain, and mobility. (Doc. 7 at 46-48.) The ALJ also discussed how Oslavic's pain was treated through medication and physical therapy. (*Id.* at 47.) Although Oslavic testified to only being able to walk for 5 to 10 minutes at a time, the ALJ also noted that physical therapy extended this time to nearly 1 hour. (*Id.* at 46, 47.) Other medical opinions cited by the ALJ noted "normal strength and gait." (*Id.* at 46.) "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to

second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).  Here, the ALJ's decision is supported by substantial evidence.

Oslavic's objection is OVERRULED.

### III.     CONCLUSION

For the reasons stated herein, Plaintiff Nicole M. Oslavic's objection is OVERRULED, the R&R is ACCEPTED and ADOPTED, and the final decision of the Commissioner of Social Security is AFFIRMED.

**IT IS SO ORDERED.**

Date: March 19, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE